# EXHIBIT A

| Name List | Pleadings/Orders | Services | Main Menu | Logoff |

## Louisa County Circuit - Civil Division
### Case Details

| | |
|---|---|
| **Case Number:** CL19000244-00 | **Filed:** 07/29/19 |
| **Filing Type:** Intentional Tort | |
| **Number of Plaintiffs:** 0001 | **Number of Defendants:** 0001 |
| **Commenced By:** Initial Filing | |
| **Bond:** | **Complex Case:** |

If there are more than three plaintiffs or defendants as indicated under "Number of Plaintiffs" or "Number of Defendants" in the table above, please contact the court for the additional party information.

**Plaintiffs**

    Plaintiff:     **FLINN, TIMOTHY P**
    Trading as:
    Attorney:     MCLAUGHLIN, HENRY

**Defendants**

    Defendant:     **DEUTSCHE BANK TRUST**
    Trading as:
    Attorney:

**Hearings**

| # | Date | Time | Type | Room | Duration | Jury | Result |
|---|------|------|------|------|----------|------|--------|

**Date Ordered To Mediation:**

**Final Disposition**

- **Judgment:**
- **Final Order Date:**

- **Appealed Date:**
- **Concluded By:**

| Name List | Pleadings/Orders | Services | Main Menu | Logoff |

Build #: 3.8.1.1

Case 3:19-cv-00059-GEC   Document 1-1   Filed 09/27/19   Page 4 of 18   Pageid#: 16

[Return to Case]   [Main Menu]   [Logoff]

## Louisa County Circuit - Civil Division
### Pleadings/Orders Detail

**Case Number:** CL19000244-00

| Filed | Type | Party | Judge | Book | Page | Remarks |
|---|---|---|---|---|---|---|
| 07/29/19 | Initial Filing | PLT | | | | ITOR: |

[Return to Case]   [Main Menu]   [Logoff]

Build #: 3.8.1.1

[Return to Case] [Main Menu] [Logoff]

## Louisa County Circuit - Civil Division
### Service Details

**Case Number:** CL19000244-00

| Name | Number | Type | Hear Date | Date Served | How Served |
|---|---|---|---|---|---|
| RAFFERTY, MARIA | 2 | Complaint | | | |
| CT CORPORATION SYSTEM | 1 | Complaint | | | |

[Return to Case] [Main Menu] [Logoff]

Build #: 3.8.1.1

# COMMONWEALTH OF VIRGINIA



LOUISA CIRCUIT COURT
Civil Division
BOX 37, 100 W. MAIN ST.
LOUISA VA
(540) 967-5312

Summons

To: CT CORPORATION SYSTEM
4701 COX ROAD, SUITE 285
REGISTERED AGENT
GLEN ALLEN VA 23060

Case No. 109CL19000244-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, July 31, 2019

Clerk of Court: PATTY C MADISON

by _____
(CLERK/DEPUTY CLERK)

Instructions: SUMMONS & COMPLAINT

Hearing Official:

Attorney's name: MCLAUGHLIN, HENRY W
EIGHTH & MAIN BUILDING
707 EAST MAIN STREET, STE 1050
RICHMOND VA 23219

**VIRGINIA:**

IN THE CIRCUIT COURT OF LOUISA COUNTY
101 West Main Street
Louisa, Virginia 23093-0037

**TIMOTHY P. FLINN,**

                        Plaintiff,

v.                                                   CL19 [  ] -244

**DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE FOR RESIDENTIAL
ACCREDIT LOAN LOANS, INC., MORTGAGE
ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-QS16,**
Please Serve:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060
Registered Agent,

**SURETY TRUSTEES, LLC,**
Please Serve:
Maria Rafferty
722 E. Market Street, Suite 203
Leesburg, Virginia 20176
Registered Agent,

                        Defendants.

### COMPLAINT

Now comes Timothy P. Flinn ("Flinn"), by counsel, and sets forth the following:

### Parties

1. Flinn is a natural person who resides at his home ("the home") located at 541 Lake Anna Drive, Bumpass, Virginia 23024.

2. Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loan, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2003-QS16 ("Deutsch e

1

Bank") is a for-profit securitized trust.

3. Surety Trustees, LLC ("Surety Trustees") is a for-profit Virginia corporation.

## Venue

4. Venue is proper in this Court because this complaint seeks rescission of a foreclosure that took place in Louisa County, Virginia of the home, which is located in Louisa County, Virginia.

## Facts

### *Facts Applicable to Both Counts*

5. On July 17, 2003, Flinn was owner of the home.

6. On July 17, 2003, Flinn entered into a mortgage loan ("the loan") for a principal amount of $416,000, in which Flinn was the borrower, and First Savings Mortgage Corporation ("First Savings") was the lender. The loan was evidenced by a note ("the note") signed by Flinn, for the principal amount, payable to First Savings in monthly installments, with the last payment due in 2018. The note was secured by a deed of trust ("the deed of trust") which was recorded in the Clerk's Office of this Court ("the public land records") at Deed Book 792, beginning at Page 821, The deed of trust appointed Larry F. Pratt ("Pratt") as trustee and became a lien on the home.

7. The loan was what is commonly referred to as a "MERS loan" because Mortgage Electronic Registration System ("MERS") was stated as "beneficiary" of the deed of trust and stated to have received "legal title" to the home. The deed of trust gave MERS certain rights and powers, including the right to appoint a substitute trustee to replace Pratt and to do anything required by law or custom of the lender (holder of the note). The deed of trust did not say that MERS could transfer ownership of the note, because

2

that was not one of the enumerated rights and powers granted to MERS and transfer of ownership of the note was never required of the lender by any law or any custom. The note made no mention of MERS.

**Count One: Tortious Interference with Contract of the Deed of Trust By Deutsche Bank As Stranger to the Note and Stranger to the Deed of Trust through Purported Substitute Trustee Never Appointed as Substitute Trustee; Action Seeking Rescission of Purported Foreclosure and Damages.**

8. Deutsche Bank is a securitized trust, operating under the laws of the State of New York and on the basis of a securitized trust agreement which provides, *inter alia*, a deadline for assignment into such trust of any mortgage notes. After such deadline, the trust is not permitted to accept assignment of any mortgage note into the trust except for certain specified exceptions which are not relevant to the loan at issue in this case. Deutsche Bank, under the terms of its security trust, stated that it was governed by New York Law, and under the terms of New York law, could not accept assignment into its securitized trust of the note that is evidence of the loan at issue in this case after a cutoff date and grace period, which expired in 2004. Deutsche Bank has claimed to be owner of the note, but has never been owner of the note for the following reasons: :

    A. Deutsche Bank is a securitized trust, operating under New York law.

    B. The said securitized trust was created to obtain certain tax benefits which required compliance with certain provisions of the trust document under which the securitized trust was created, which included a binding provision that no loan could be purchased into securitized trust after a cut-off date and grace period except for exceptions not relevant to this case.

C. Under New York Law, any assignment of any loan into the securitized trust after the cut-off date and grace period is void, unless such assignment meets certain exceptions not relevant to this case.

D. At all times relevant to this case, New York E.P.T.L. § 7-2.4 of the New York Code has provided as follows:

> If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trust in contravention of the trust, except as authorized by this article or any other provision of law, is void.

E. In the following cases, the New York Court of Appeals cited and followed statutory provision that any act in violation of a trust instrument (unless otherwise authorized by law) was void: *In re Easterly,* 202 N.Y. 466, 96 N.E. 122 (1911), (prohibition against exemption of land from liens upheld when attempt to sell the land to pay a valid debt came despite history in which resources in the trust could have paid the debt and prevented any lien); *Cuthbert v. Chauvet,* 18 L.R.A. 745 (1893) (holding court could not compel trustee to invalidate a will and abolish a trust when trust purposes not complete); *Kirsch v. Tozier;* 143 N. Y. 390; 38 N.E. 375 (1894) (third party on notice of invalidity of wrongful action by trustee contravening trust); *Douglas v. Cruger*, 80 N.Y. 15 (1880) (conveyance out of trust against trust provisions void); *Powers v. Bergen*; 2 Seld 358; (1852) (contract for sale of lands against trust prevented).

F. The claim of Deutsche Bank to have obtained transfer of title to the note was long after the expiration of the cut-off date and grace period as

4

referred to herein above.

G. The trust instrument for such trust sets forth all the rights, powers and obligations, and duties of the Trust.

H. The four corners of the trust instrument bind the Trust to the only actions which can lawfully be taken with respect to the administration of its assets.

I. Further, the four corners of the trust instrument establish the only mechanism by which Deutsche Bank can acquire, transfer, dispose of, or sell assets.

J. The Trust of which Deutsche Bank is trustee is a Real Estate Mortgage Investment Conduit ("REMIC"). See 26 U.S.C. § 860D.

K. A REMIC is an investment vehicle in which transferable shares in a trust are sold to investors, the rest of the trust consisting of mortgages and promissory notes. These securitized trusts are subject to strict regulation to qualify for favorable tax treatment as a REMIC under the IRS Code. 28 U.S.C. §§ 860A-860G.

L. The REMIC provisions of the IRS tax code provide explicit instruction with respect to the transfer of mortgage assets into a trust to receive this special tax status pursuant to the IRS tax code.

M. The REMIC portion of the IRS tax code defines the activities that disqualify a trust for REMIC tax treatment.

N. Pursuant to the terms of the trust instrument, the Trust could not re-purchase the loan that is the subject of this complaint for the reasons set

5

forth in the applicable paragraphs of this complaint.

O. The trust instrument provided the definition of the term "REMIC provisions" (hereinafter, "REMIC provisions") as such definition in common in such securitized instruments that defines such provisions as those of the federal income tax law relating to real estate mortgage investment conduits which appear at section 860A through 860G of Subchapter M of Chapter 1 of the Code, and related provisions, and regulations and rulings promulgated thereunder, as the foregoing may be in effect from time to time.

P. The trust instrument provides that the trust fund shall constitute and the affairs of the trust fund shall be conducted to that each REMIC created as described in the trust instrument qualifies as a "real estate mortgage investment conduit" as defined in and in accordance with "REMIC provisions."

Q. Due to REMIC rules, the only way Wilmington Trust could purchase or re-purchase the subject mortgage past the Initial Cut-off Date (in 2003) or the Subsequent Cut-off Date (not later than 2004) to obtain an "Opinion of Counsel," or (2) as a Replacement Mortgage Loan ("Replacement Mortgage Loan"), which did not apply to the Flinn loan.

R. The trust instrument allowed re-purchase of mortgage loans that meet the definition of (Real Estate Owned) REO property as defined in the trust.

S. "REO property" was defined in the trust instrument in such a manner as to exclude the subject mortgage loan from that definition.

T. There is no Opinion of Counsel as to the subject mortgage loan.

U. Pursuant to the trust instrument, an Opinion of Counsel was required before Deutsche Bank could legally purchase or re-purchase the subject loan into the trust by assignment.

V. Deutsche Bank is a securitized trust and therefore any purported purchase or repurchase by assignment of the subject loan to Deutsche Bank was void under controlling New York law.

W. The trust instrument, in pertinent part, stated that it was to be construed in accordance with New York law and governed by the substantive laws of that state applicable to agreements made and to be performed in that state, and that the securitized trust was to be governed by the laws of New York State.

X. Because the purported purchase or repurchase by assignment of the subject mortgage loan to Deutsche Bank was void, Deutsche Bank was not holder of the note, was not secured by the deed of trust and was not the owner of more than 50% of the monetary obligation of the note with any right to remove the original trustee or any substitute trustee(s) or to appoint any substitute trustee.

Y. As set forth above, Deutsche Bank never became owner of the note because of the provisions of New York statutory law that any contravention of the trust was void.

9. For the reasons set forth above, Deutsche Bank, being a stranger to the note, never had any right to foreclose on the deed of trust.

7

10. On March 11, 2019, Deutsche Bank purported to appoint Surety Trustees as substitute trustee on the deed of trust. However, Deutsche Bank (as the securitized trust) did not obtain any purchase or re-purchase of the loan and lacked any interest in the loan, when it attempted to appoint Surety Trustees as substitute trustee on March 11, 2019. As a result, Surety Trustees never had any right to foreclose on the home.

11. Notwithstanding the facts set forth above, Deutsche Bank instructed Surety Trustees to foreclose on the home, and Surety Trustees, in response to such instruction, acting on its own and as agent for Deutsche Bank, advertised the home for foreclosure at 2:15 p.m. on July 25, 2019.

12. Because of the facts set forth above, Deutsche Bank had a common law duty not to interfere with Flinn's rights under the deed of trust by acting to cause a purported foreclosure of the home.

13. Notwithstanding that Deutsche Bank was not entitled to foreclose on the home and Surety Trustees was not empowered to foreclose on the home, Surety Trustees conducted a purported foreclosure of the home at 2:15 p.m. on July 25, 2019. February 9, 2018, at which Deutsche Bank made the high bid at much less than the actual value of the home, thereby purporting to gain ownership of substantial unearned equity in the home.

14. Because of the facts set forth herein above in this Count of this complaint, the purported foreclosure of the home at 2:15 p.m. on July 25, 2019 was void, alternatively voidable.

15. In conducting the purported foreclosure, Surety Trustees acted on its own and as

agent for Deutsche Bank.

16. In acting through Surety Trustees to conduct the purported foreclosure, Deutsche Bank tortuously interfered with Flinn's rights under the deed of trust.

17. Neither the original trustee nor any substitute trustee properly appointed as to the deed of trust took any part in the advertisement of the home for foreclosure at 2:15 p. m. on July 25, 2019 or in the conduct of the purported foreclosure at that time.

18. For the reasons set forth above in this Count of this complaint, there are grounds for this Court to enter an order for rescission of the purported foreclosure and for return to the status quo ante with ownership of the home in Flinn, subject to the lien of the deed of trust.

19. As a proximate result of the aforesaid tortious interference by Deutsche Bank with the rights of Flinn under the deed of trust, Flinn sustained the following damages:

    A. He lost the quiet enjoyment of the home.

    B. He lost a great deal of equity in the home.

    C. He has paid a substantial fee to his legal counsel for defense against expected eviction action against him.

    D. He lost the interest on his damages set forth in subparagraphs (B) and (C) of this paragraph of this complaint.

    E. He sustained emotional distress.

    F. He was greatly inconvenienced.

9

20. As a proximate result of the aforesaid tortious interference by Deutsche Bank with the rights of Flinn under the deed of trust, unless the purported foreclosure is expeditiously rescinded, for an indeterminate time in the future, Flinn will sustain the following damages:

   A. He will continue to lose the quiet enjoyment of the home.

   B. He will lose the future increase in the value of the home.

   C. He will continue to lose interest on his loss of equity recited in paragraph 19 (B) (C) of this complaint.

   D. He will continue to sustain emotional distress.

21. For the reasons set forth herein above, in addition to rescission, and, if rescission is denied, in the alternative to rescission, Flinn is entitled to entry of a judgment in his favor against Deutsche Bank for compensatory damages.

**Count Two:   Tortious Interference with Contract by Surety Trustees by Purporting to Conduct Foreclosure Although Stranger to the Deed of Trust; Seeking Rescission of Foreclosure and Damages.**

22. Flinn re-avers the facts set forth in Count One of this complaint, except for the averments as to remedy.

23. As set forth in Count One of this complaint, Surety Trustees was a stranger to the deed of trust. Therefore, the action of Surety Trustees in purporting to conduct a foreclosure of the home constituted tortious interference by Surety Trustees with Flinn's contract rights under the deed of trust.

24. As a result of such tortious interference by Surety Trustees, the purported foreclosure was void, alternatively voidable, and, as a result, Flinn is entitled to entry of an order to

rescind the purported foreclosure with restoration of the status quo ante, with ownership of the home in Flinn, subject to the lien of the deed of trust.

25. As a proximate result of the aforesaid tortious interference by Surety Trustees with Flinn's contract rights under the deed of trust, Flinn sustained and will sustain the damages recited in paragraphs 19-20 of this complaint.

26. For the reasons set forth herein above, in addition to rescission, and, if rescission is denied, in the alternative to rescission, Flinn is entitled to entry of a judgment in his favor against Surety Trustees for compensatory damages

27. Flinn cannot obtain an adequate remedy at law.

28. Va. Code Ann. Section 55-153 provides as follows:

> When a bill in equity is filed to remove a cloud on the title to real estate relief shall not be denied the complainant because he has only an equitable title thereto and is out of possession, but the court shall grant to the complainant such relief as he would be entitled to if he held the legal title and was in possession. If an issue of fact be raised which but for this section would entitle either party to a trial by jury, the court shall, upon the request of the party so entitled, order such issue to be tried by a jury at its bar and the verdict of the jury shall have the like effect as if it had been rendered in an action at law.

29. Although that statute is not directly on point (because Flinn remains in residence in the home) under the spirit of that statute, Flinn submits he is entitled to trial by jury. On that basis, he calls or trial by jury. .

### Conclusion

WHEREFORE, Flinn prays that the Court:

A. Enter an order with the effect of rescission of the purported foreclosure of the home, and any purported trustee's deed based on the purported

11

   foreclosure.

B. In the alternative to (A), entry of judgment in favor of Flinn against Deutsche Bank and Surety Trustees, jointly and severally, for $400,000 Compensatory damages.

C. In the event the Court grants rescission, entry of a judgment in favor of Flinn against Deutsche Bank and Surety Trustees, jointly and severally, for $75,000 in compensatory damages (instead of $400,000).

                Respectfully submitted,

                **TIMOTHY P. FLINN,**

                By _____
                   Counsel

Henry W. McLaughlin (VSB 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia 23219
804-205-9020; fax 877-575-0245
henry@mclaughlinvalaw.com
Counsel for Timothy P. Flinn